Mr. Kenneth C. Crooks General Counsel St. Lucie County Fire District 7380 Murrell Road, Suite 100 Viera, Florida 32940
Dear Mr. Crooks:
On behalf of the St. Lucie County Fire District, you ask substantially the following question:
Does Chapter 191, Florida Statutes, apply to the St. Lucie County Fire District to preempt or supersede conflicting provisions in Chapters 96-532 and 97-356, Laws of Florida?
In sum:
Chapter 191, Florida Statutes, applies to the St. Lucie County Fire District, such that its provisions preempt or supersede conflicting provisions in the district's enabling special act.
Chapter 96-532, Laws of Florida, creates the St. Lucie County Fire District (district) as a special taxing district for the purpose of fire prevention, fire suppression, emergency medical services, rescue and other duties and responsibilities directed by the district's board of commissioners.[1] You state that various provisions in Chapter 96-532, Laws of Florida, the charter for the district, are significantly different than corresponding provisions in Chapter 191, Florida Statutes, the "Independent Special Fire Control District Act."[2]
The "Independent Special Fire Control District Act" (act) was enacted in 1997.[3] The legislative purpose underlying the act's passage, as stated in section 191.002, Florida Statutes, was to provide uniformity for independent special fire control districts in: standards, direction, and procedures concerning operations and governance; operations and authority; financing authority; communication and coordination between special fire control districts and other local governments; and the election of members to ensure greater accountability to the public.[4]
Section 191.004, Florida Statutes, states:
"Each district, regardless of any other, more specific provision of any special act or general law of local application creating the charter of the district, shall comply with this act. It is the intent of the Legislature that the provisions of this actsupersede all special act or general law of local applicationprovisions which contain the charter of an independent specialfire control district and which address the same subjects as thisact, except as such acts or laws address district boundaries and geographical subdistricts for the election of members of the governing board. However, this act does not require any modification to district financing or operations which would impair existing contracts, including collective bargaining agreements, debt obligations, or covenants and agreements relating to bonds validated or issued by the district. Further, this act does not repeal any authorization within a special act or general law of local application providing for the levy and assessment of ad valorem taxes, special assessments, non-ad valorem assessments, impact fees, or other fees or charges by a district." (e.s.)
Thus, the plain language of the act preempts special act provisions to the extent of any conflict and provides a uniform scheme for accomplishing the goals of independent fire control districts throughout the state. District financing or actions that would impair existing contracts of the district remain unchanged, and authorization within a special act to levy taxes, special assessments, non-ad valorem assessments, impact fees, or other fees would be unaltered.
Section 191.003(5), Florida Statutes, defines "[i]ndependent special fire control district" to mean:
"[A]n independent special district as defined in s. 189.403, created by special law or general law of local application, providing fire suppression and related activities within the jurisdictional boundaries of the district. The term does not include a municipality, a county, a dependent special district as defined in s. 189.403, a district providing primarily emergency medical services, a community development district established under chapter 190, or any other multiple-power district performing fire suppression and related services in addition to other services."[5]
It would appear that the St. Lucie County Fire District is an independent fire control district.[6] It has been designated as such by the Florida Department of Community Affairs and nothing has been brought to the attention of this office that would alter that designation.
In Attorney General Opinion 98-53, this office was asked whether a referendum vote was needed before a fire protection district would be subject to Chapter 191, Florida Statutes. In concluding that no referendum was necessary, this office found that the uniform provisions of the act would control over any conflicting provisions within the act's enabling special legislation.
In light of the plain language of the statute and the status of the St. Lucie County Fire District as an independent fire control district, the provisions in Chapter 191, Florida Statutes, preempt or supersede conflicting provisions in the district's enabling special act.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 2, Ch. 96-532, Laws of Florida. Chapter 97-356, Laws of Fla., amended s. 96-532, Laws of Fla., to remove the clerk-treasurer's designation as the district's personnel officer.
[2] Section 191.001, Fla. Stat.
[3] See, s. 16, Ch. 97-256, Laws of Florida.
[4] Section 191.002, Fla. Stat.
[5] Section 189.403(3), Fla. Stat., defines "[i]ndependent special district" as "a special district that is not a dependent special district. . . ." "Dependent special district" is defined in s. 189.403(2), Fla. Stat., as a special district meeting at least one of the following criteria: membership identical to county's or municipality's governing body; all members of governing board appointed by the county's or municipality's governing body; members subject to removal at will of county's or municipality's governing body; or district's budget requires approval or can be vetoed by the county's or municipality's governing body.
[6] See, Florida Department of Community Affairs, 1999-2000 Official List of Special Districts. (visited May 23, 2000)
http://www.dca.state.fl.us/fhcd/programs/sdip/index.htm.